[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
Plaintiff claims that he did surveying work for defendants Lehn and Woehrle and was not paid. He now seeks to reach their interest in a partnership by way of a prejudgment attachment.
Defendants Lehn and Woerhle claim that, as this is not a partnership debt, their interests in the partnership are protected by Connecticut General Statutes 34-63(2)(c) which states in relevant part:
A partner's right in specific partnership CT Page 3535 property is not subject to attachment or execution, except on a claim against the partnership.
Plaintiff argues that Connecticut General Statutes52-299 and 52-300 implicitly authorize attachments of a partner's interest for a non-partnership debt. He argues that this claimed conflict in the statutes should be resolved by allowing the attachment on the public policy ground that a debtor's property ought to be reachable by his creditors.
The court is not convinced that the statutes are in conflict. Connecticut General Statutes 52-299[1] and 52-300[2] do not authorize attachments. They provide procedures for relief when such an attachment is actually made. Prior to the enactment of the prejudgment remedy statutes in 1973, attorneys could direct an attachment by a sheriff without prior court approval. The statutes relied on by plaintiff were obviously designed to give the court power to protect the interest of the other parties as well as the creditor when such an attachment was made.
The predecessors to Connecticut General Statutes52-299 and 52-300 go back to 1875 or earlier. (Plaintiff's brief, p. 3.) The statute prohibiting attachment of a partner's interest for a non-partnership debt was enacted in 1961. Even if the statutes were considered to be in conflict, under recognized rules of statutory construction, the later statute prohibiting attachment (Connecticut General Statutes 34-63) would prevail. 73 Am. Jur.2d, Statutes, Sec. 255. Plaintiff's argument that because 52-299 was amended in 1976 it becomes the "later" statute is not persuasive. The 1976 amendment simply reflected the elimination of the Court of Common Pleas and the transfer of all trial jurisdiction to the Superior Court as of July 1, 1978.
For the reasons stated, the application for prejudgment remedy is denied.
E. EUGENE SPEAR, JUDGE